United States District Court
Southern District of Texas
**ENTERED**
September 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIM. ACTION NO. 5:20-CR-137-1 |
| § | |
| MERISSA LEANN YANES § | |

## REPORT AND RECOMMENDATIONS OF
## THE UNITED STATES MAGISTRATE JUDGE

On September 14, 2022, the Undersigned held a hearing on the U.S. Probation Office's Petition for Offender Under Supervision (hereinafter referred to as the "Petition"). (Dkt. No. 73). Assistant United States Attorney Aaron Petters represented the Government. Assistant Federal Public Defender David Lopez represented Defendant Merissa Leann Yanes.

Defendant was sentenced on October 21, 2020, before the Honorable Janis Graham Jack in the Southern District of Texas, Laredo Division, after pleading guilty to the conspiracy to transport and undocumented alien within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(I) and (B)(i). (Minute Entry on October 21, 2020). Defendant was sentenced to four years of probation, to include six months of electronic monitoring, substance abuse treatment and testing, participation in a mental health treatment program to include a psychiatric evaluation, and a $100 special assessment. (Dkt. No. 43).

Defendant's TSR began on October 21, 2020. (Dkt. No. 73).

1

I.   PETITION

The U.S. Probation Office (USPO) filed the instant Petition on June 28, 2022. In the Petition, the USPO alleges Defendant violated the following condition:

(1) You must follow the rules and regulations of the inpatient substance abuse and mental health treatment program (Grade C).

*Id.* With respect to the Violation, the Petition alleges that on April 11, 2022, Defendant commenced the inpatient drug treatment program at Reality House in Brownsville, Texas. *Id.* While in treatment, Defendant failed to follow the rules and regulations of the program as follows:

On May 28, 2022, a staff member conducted an audit on Defendant's approved cellphone, which revealed Defendant had explicit photos of herself and social media applications that were not approved and/or allowed by the program. *Id.* The staff member also became aware that Defendant was in contact with other current inhouse residents. *Id.* Communication or interaction with any male resident is strictly prohibited at the facility. *Id.*

On June 16, 2022, a staff member conducted a walkthrough in one of the female dormitories and observed Defendant along with two other females sitting in her assigned bunk. *Id.* The staff member staff asked Defendant to remove herself from the bunk and asked her if she was hiding something, to which Defendant denied. *Id.* Further investigation revealed a vape pen, under Defendant's bunk bed, which was confiscated. *Id.* Smoking is strictly prohibited at the facility. *Id.*

On June 18, 2022, a staff member conducted an audit on Defendant's approved cellphone. *Id.* A video was observed in a cell phone application where staff identified the other caller as another male resident in the facility. *Id.* Further, the other resident was identified by having the same number listed on the facility resident cell phone log. *Id.* Further, staff found financial transactions being conducted through a cellphone application with other residents in the facility, along with other unapproved social media applications. *Id.* Communication or interaction with any male resident is strictly prohibited at the facility. *Id.*

Based on the aforementioned program rules violations, Defendant will be unsuccessfully discharged from the facility. *Id.*

## II.   REVOCATION HEARING

At the final revocation hearing held on September 14, 2022, Defendant pleaded true to Violation One. (Hrg. at 3:36). The USPO proffered the factual basis for the Violation, as alleged in the Petition. (Hrg. at 3:36-3:37). Based on the factual basis offered by the USPO and Defendant's pleas of true to the Violation, the Undersigned found Defendant violated her condition of supervised release as set forth in Violation One. (Hrg. at 3:38).

The guidelines range for a Grade C violation is between 3 to 9 months of imprisonment (Defendant has a Category I criminal history). U.S.S.G. § 7B1.4. In crafting the appropriate revocation sentence, a court may impose (1) a sentence within the guidelines range, (2) "an upward or downward departure as allowed by the Guidelines," and (3) "a non-Guideline sentence or a variance that is outside of the

relevant Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). A court may impose any sentence that falls within the statutory maximum term of imprisonment allowed for the revocation sentence, 18 U.S.C. § 3583(e)(3), and a court must consider the permissible factors enumerated in 18 U.S.C. § 3553(a), along with the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014).

The permissible § 3553 factors include: the defendant's criminal history and characteristics; the need for adequate deterrence; the need for protection of the public; the need for effective care, training, or treatment; the kinds of sentence and sentencing range established for the defendant's applicable category of offense; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims. *See* 18 U.S.C. § 3583(e). The Court is considering only the allowable § 3553 factors, and to the extent the Court has looked at the seriousness of the allegation/s, it has done so not as a primary consideration, but a secondary one. *See United States v. Rivera*, 784 F.3d 1012, 1016–17 (5th Cir. 2015). The primary sentencing goal upon revocation of supervised release is to sanction the defendant for failing to abide by the terms of the supervision. *See* U.S.S.G. Ch. 7, Pt. A, intro. comment 3(b); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Here, the USPO recommended a nine-month term of imprisonment, followed by a term of supervised release until the original expiration date of April 10, 2024, subject to all standard and mandatory conditions and the following special conditions:

- You must participate in an intensive outpatient substance-abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the costs of the program, if financially able. You must participate in up to three (3) drug treatment counseling sessions per month.

- You may not possess any controlled substances without a valid prescription. If you do have a valid prescription, you must follow the instructions on the prescription.

- You must submit to substance-abuse testing to determine if you have used a prohibited substance, and you must pay the costs of the testing if financially able. You must not attempt to obstruct or tamper with the testing methods. You must submit to up to three (3) substance abuse tests per month.

- You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances, including synthetic marijuana or bath salts, that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer.

- You must participate in a mental-health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with

the treatment provider, will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the cost of the program, if financially able. You must participate in up to three (3) counseling sessions per month.

- You must participate in a psychiatric evaluation.

- Immediately upon release from custody, you must reside in a residential reentry center for a term of up to 180 days. You must follow the rules and regulations of the center. Should the defendant secure residence before completing the 180 days, this condition will be satisfied. The defendant must remain in custody until bed space becomes available.

(Hrg. at 3:42-3:43). Defendant has been in custody for 77 days. (Hrg. at 3:44).

The Government recommended a sentence of nine months of imprisonment. (Hrg. at 3:44).

Counsel for Defendant noted Defendant's mental health issues, to include schizophrenia, bipolar disorder, and depression. (Hrg. at 3:45). Defendant is now taking medication for her mental health. (Hrg. at 3:46). Defendant's daily medication has been helping her. *Id.* Defendant has been detained for a lengthy period of time and has been missing milestones in her daughter's life. (Hrg. at 3:47). Defendant needs treatment, but not a nine-month sentence. (Hrg. at 3:50). Defendant wants to go to school for phlebotomy. (Hrg. at 3:53). Counsel for Defendant requests a term of home confinement so that Defendant can spend time with her daughter. (Hrg. at 3:53).

The Undersigned advised he would recommend that Defendant's TSR be revoked, and that she be sentenced within the guidelines range to eight months of imprisonment, to be served concurrently for all violations, with credit for any time already served in federal custody,[1] followed by a term of supervised release until the original expiration date of April 10, 2024, subject to all original standard and mandatory conditions and the following special conditions:

- You must participate in an intensive outpatient substance-abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the costs of the program, if financially able. You must participate in up to three (3) drug treatment counseling sessions per month.

- You may not possess any controlled substances without a valid prescription. If you do have a valid prescription, you must follow the instructions on the prescription.

- You must submit to substance-abuse testing to determine if you have used a prohibited substance, and you must pay the costs of the testing if financially able. You

---

[1] "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). Furthermore, the Advisory Guidelines recommend that the term of imprisonment shall be served consecutively to any sentence of imprisonment that the Defendant is currently serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. *See* U.S.S.G. § 7B1.3(f).

7

must not attempt to obstruct or tamper with the testing methods. You must submit to up to three (3) substance abuse tests per month.

- You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances, including synthetic marijuana or bath salts, that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer.

- You must participate in a mental-health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the cost of the program, if financially able. You must participate in up to three (3) counseling sessions per month.

- You must participate in a psychiatric evaluation.

- Immediately upon release from custody, you must reside in a residential reentry center for a term of up to 180 days. You must follow the rules and regulations of the center. Should the defendant secure residence before completing the 180 days, this condition will be satisfied. The defendant must remain in custody until bed space becomes available. (Hrg. at 3:54-3:56).[2]

---

[2] The Undersigned is not recommending the originally imposed special condition of location monitoring which was not reimposed by United States District Judge Marina Garcia Marmolejo at the June 22, 2021 revocation hearing. (Dkt. No. 55).

III.   RECOMMENDATIONS

It is **RECOMMENDED** that the District Court **ACCEPT** the Undersigned's finding that Defendant committed Violation One, thereby violating a condition of her TSR. (Dkt. No. 73).

It is further **RECOMMENDED** that Defendant's TSR be **REVOKED**.

It is further **RECOMMENDED** that Defendant be sentenced to eight months of imprisonment, to be served concurrently for all violations, with credit for any time already served in federal custody, followed by a term of supervised release until the original expiration date of April 10, 2024, subject to all original standard and mandatory conditions and the following special conditions:

- You must participate in an intensive outpatient substance-abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the costs of the program, if financially able. You must participate in up to three (3) drug treatment counseling sessions per month.

- You may not possess any controlled substances without a valid prescription. If you do have a valid prescription, you must follow the instructions on the prescription.

- You must submit to substance-abuse testing to determine if you have used a prohibited substance, and you must pay the costs of the testing if financially able. You

must not attempt to obstruct or tamper with the testing methods. You must submit to up to three (3) substance abuse tests per month.

- You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances, including synthetic marijuana or bath salts, that impair a person's physical or mental functioning, whether or not intended for human consumption, except as with the prior approval of the probation officer.

- You must participate in a mental-health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program, including the provider, location, modality, duration, and intensity. You must pay the cost of the program, if financially able. You must participate in up to three (3) counseling sessions per month.

- You must participate in a psychiatric evaluation.

- Immediately upon release from custody, you must reside in a residential reentry center for a term of up to 180 days. You must follow the rules and regulations of the center. Should the defendant secure residence before completing the 180 days, this condition will be satisfied. The defendant must remain in custody until bed space becomes available.

At the close of the September 14, 2022, revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a form waiving their right to object to the proposed findings and recommendations contained in this Report, consenting to revocation of supervised release as recommended herein, and

consenting to the imposition of the above sentence recommended in this Report. (Dkt. No. 86). Defendant and counsel for the Government also waived their right to be present and speak before the District Judge when she imposes the recommended sentence. *Id.* Therefore, the District Court may act on this Report immediately.

SIGNED this 20th day of September, 2022.

_____
CHRISTOPHER DOS SANTOS
UNITED STATES MAGISTRATE JUDGE